22 U.S. 573 (1824)
9 Wheat. 573
MEREDITH and others, Appellants,
v.
PICKET and others, Respondents.
Supreme Court of United States.
February 20, 1824.
February 21, 1824.
*574 THIS cause was argued by Mr. Bibb, for the appellants, and by Mr. Talbot, for the respondents.
Mr. Chief Justice MARSHALL delivered the opinion of the Court.
This case depends entirely on the question, whether the entry under which the appellees claim has been surveyed on the land for which it calls.
The entry is in these words: "Holt Richeson enters 2000 acres in Kentucky, by virtue of a warrant for military services performed by him in the last war, in the fork of the first fork of Licking, running up each fork for quantity."
It is shown in testimony, that at the first fork of Licking, the one fork was known and generally distinguished by the name of the South fork, and the other by the name of the main Licking, or the Blue Lick fork. Some miles above this place the South fork again forks. The land of the appellees has been surveyed in the first fork.
It is contended by the appellants, that the entry calls for land in the second fork, and that the survey is made on land which will not satisfy its words.
The Court concurs in this opinion. The first fork of the first fork cannot be the first fork itself. Whatever difficulties may attend the attempt to place the lands properly the Court feels none in *575 saying, that the entry cannot be satisfied with lands lying in the first fork.
Some other objections were made in argument, which it is unnecessary to notice, as this is completely decisive of the case.
It may not, however, be improper to say, that the attempt of the appellees to explain their entry, and to support their survey, by depositions, cannot avail them. It is the proper province of testimony to show the notoriety and names of places, but not to explain a written instrument. That is the proper province of the Court. The Judges must construe the words of an entry, or of any other title paper, according to their own opinion of the words as they are found in the instrument itself, and not according to the opinion of witnesses, who may or may not be selected for the purpose.
The decree of the Circuit Court, perpetuating the injunction awarded to the appellees to restrain the appellants from proceeding on their judgment in ejectment, is erroneous, and ought to be reversed, and the bill of the plaintiffs in the Circuit Court dismissed.